Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

Southern Division

United States Courts
Southern District of Texas
FILED
OCT 27 2020
David J. Bradley, Clerk of Court

| | |
|---|---|
| Elimelech Shmi Hebrew ) ) ) *Plaintiff(s)* ) (Write the full name of each plaintiff who is filing this complaint. ) If the names of all the plaintiffs cannot fit in the space above, ) please write "see attached" in the space and attach an additional ) page with the full list of names.) ) -v- ) ) ) ) ) ) ) Ed Gonzalez ) ) *Defendant(s)* ) (Write the full name of each defendant who is being sued. If the ) names of all the defendants cannot fit in the space above, please ) write "see attached" in the space and attach an additional page ) with the full list of names.) | Case No. _____ *(to be filled in by the Clerk's Office)* Jury Trial: *(check one)*   ☒ Yes   ☐ No |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Elimelech Shmi Hebrew |
   | Street Address | 306 N Forest Blvd |
   | City and County | Houston, Harris |
   | State and Zip Code | Texas, 77090 |
   | Telephone Number | 713-820-2041 |
   | E-mail Address | hebrew_ceo@divineunity1.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ed Gonzalez |
| Job or Title *(if known)* | Sheriff |
| Street Address | 1200 Baker Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas 77002 |
| Telephone Number | 713-221-6000 |
| E-mail Address *(if known)* | sheriff.gonzalez@sheriff.hctx.net |

Defendant No. 2

| | |
|---|---|
| Name | Thomas Pasket |
| Job or Title *(if known)* | Sergeant |
| Street Address | 801 N. San Jacinto 2nd Floor |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77002 |
| Telephone Number | 713-274-5030 |
| E-mail Address *(if known)* | thomas.pasket@sheriff.hctx.net |

Defendant No. 3

| | |
|---|---|
| Name | Mariel Rosario |
| Job or Title *(if known)* | Human Resources-Recruitment |
| Street Address | 2223 West Loop South Suite 400 |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77027 |
| Telephone Number | 713-877-5250 |
| E-mail Address *(if known)* | hcsorecruiter@sheriff.hctx.net |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

   and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. Or is a citizen of
*(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under
the laws of the State of *(name)* _____, and has its
principal place of business in the State of *(name)* _____
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

For federal question jurisdiction to exist, the requirements of 28 USC 1331 must also be met. This statute gives federal courts jurisdiction only to those cases which "aris[e] under" federal law. 28 USC 1331. This requirement has been found to be narrower than the requirements of the constitution. The Supreme Court has found that a "suit arises under the law that creates the cause of action," American Well Works v. Layne, 241 US 257 (1916), and therefore, only suits based on federal law, not state law suits, are most likely to create federal question jurisdiction, Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)"Mottley Rule.". 28 U.S. Code § 1357., 28 U.S. EEOC 5 USC §7201 (b) Code § 1391., Pub Law 85-554, Pub Law 94-574, Pub 96-486. The defendant employ more than 500+ employee limited amount $300,000 in addition to damges that may a rise under Tilte VII and not limted to under Article V, Section 8 of the Texas Constitution, in pertinent part, as follows: The district courts also have jurisdiction in civil matters with a minimum monetary limit but no maximum limit. The amount in controversy claim $1,000,000, pursuant with Texas law contorversy for jurisdictional purposes in Texas the amount in controversy for jurisdictional purposes is determined by the good faith allegations of the plaintiff's pleadings. Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc., 938 S.W.2d 743, 747

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

See Statement of Claim Attachment

**IV.**     **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The defendant stated state law as a reason for terminating Hebrew without providing any state law(s) or evidence to support its false allegations, the defendant stated its polices as a reason for terminating Hebrew the defendants policy do not supersede the federal laws or Title VII of the Civil Rights Act of 1964, the defendant stated Facebook as a reason for terminating Hebrew without any evidence to support its false allegation. 'Hébrēw's relief is pursuant with the federal laws under, Title VII of the Civil Rights Act of 1964 'Hébrēw's religious discrimination charge against the defendant has given rise to his claims religious, character discrimination, wrongful termination, disparate treatment, and denial of reasonable accommodation the defendant did not ask or offer 'Hébrēw any religious accommodations to accommodate him in his 'Hébrēw faith. Supreme Court case, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (U.S. 1973).
Mcdonnell Douglas test requires the following conditions to be satisfied:

1. The plaintiff (employee) must establish a prima facie case of discrimination;

2. The defendant (employer) must produce evidence of a legitimate non-discriminatory reason for its actions.

3. The plaintiff (employee) must present facts to show an inference of discrimination.

All three of the Supreme Court requirments pursuant with McDonnell Douglas Corp. v. Green, 411 U.S. 703 (U.S. 1973 are statisfied in Hebrew's claim as well as the three constituents required to prove the defendant actions are discrimination are:

1) 'Hébrēw's sincere religious belief requires him to wear beard and long locks,

2) The defendant's instructor stated 'Hébrēw's beard and locks conflicts with job requirement, he informed the defendant of the conflict and

3) 'Hébrēw was fired, discriminated against for his beard and locks vow of 'Näzárīte his faith-religion.

The three constituents are met in his charge against the defendant the preponderance of the evidence prove beyond any reasonable doubt the defendant violated Hébrēw's rights under Title VII of the Civil Rights Act of 1964 give rise to the fact religion was the sole reason for or the motivating factor in the defendant decision to terminate. 'Hébrēw in violation of his rights and the wrongs of discrimination the defendant violated against 'Hébrēw continue to persist within law enforcement as it has for more than three centuries in this country. 'Hébrēw's reason for being employed by the defendant was to help make a difference from within the centuries old issue of discrimination especially concerning his people Israel called black people and or African Americans that are unequally and unjustifiable discriminated against in this country that continue at the present time. Title VII of the Civil Rights Act of 1964, Article V, Section 8 of the Texas Constitution, in pertinent part, as follows:

District Court jurisdiction consists of exclusive,
appellate, and original jurisdiction of all actions,
proceedings, and remedies, except in cases where
exclusive, appellate, or original jurisdiction may be
conferred by this Constitution or other law on some
other court, tribunal, or administrative body

The district courts also have jurisdiction in civil matters with a
minimum monetary limit but no maximum limit.

The amount in punitive damages relief is $1,000,000, in Texas, exemplary damages are defined and regulated by Chapter 41 of the Texas Civil Practice and Remedies Code:

(5) "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages are neither economic nor noneconomic damages. "Exemplary damages" includes punitive damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Relief is not limited to only the damages claimed in Texas law controversy for jurisdictional purposes in Texas the amount in controversy for jurisdictional purposes is determined by the good faith allegations of the plaintiff's pleadings. Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc., 938 S.W.2d 743, 747. The facts in Hébrēw charge has proven the evidence is substantiated and support the issuance of a violation, as such the judgment must be in his favor. If you need further information, please call us at (832) 666-5186.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/26/2020

Signature of Plaintiff

Printed Name of Plaintiff    Elimelech Shmi Hebrew

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

ELIMELECH SHMI HEBREW
   Plaintiff,

v.

HARRIS COUNTY SHERIFF'S OFFICE,
   Defendant.

  Elimelech Hebrew, filed his original Complaint against the Harris County Sheriff's Office (HCSO) Online on 6/19/2019 with the Internal Affairs Division (IAD), he was contacted by Sergeant Thomas Pasket of the IAD on 6/20/2019 in his email signature was Sheriff Ed Gonzalez Sergeant Pasket asked Hebrew to come into the office to file complaint. On June 21, 2019 Hebrew went into the office of IAD to file his Complaint against the HCSO where he was interrogated by an IAD deputy he filled out the documents as requested and answered all the deputies questions. After the interrogation was over Hebrew requested a copy of his complaint for his records. The deputy stated the complaint was for internal use only, the deputy denied him a copy of his complaint. Hebrew contacted Sergeant Pasket on July 23, 2019 by email requesting an update on the investigation and he informed Sergeant Pasket about the deputy not giving him a copy of his complaint, Sergeant Thomas Pasket did not reply to Hebrew's email *Exhibit 1*. Hebrew's desire to resolve the complaint with the HCSO byway of the IAD was of no avail. Whereby he filed a charge of employment discrimination on 2019-08-30 with the Equal Employment Opportunity Commission (EEOC) against HARRIS COUNTY SHERIFF'S OFFICE *Exhibit 2*. The evidence of the facts is supported by Exhibits 1 through 16 as set forth in the attached Index to Exhibits.

**Background Origin: Complaint**

1. On May 2, 2019 'Hébrēw went to the Workforce Solution Cypress Station location at 70A Farm to Market 1960 Rd W, Houston, TX he spoke with a counselor giving her his qualification as a graduate with a degree in Administration of Criminal Justice with a 3.3 gpa the counselor found two jobs he qualified for the Harris County Sheriff's Office (HCSO) and the Texas Department Of Criminal Justice (TDCJ). 'Hébrēw applied for the HCSO and the TDCJ and he was hired by both.
['Hébrēw's Statement of Facts, ¶ 3.]

2. He accepted the position of detention officer with the HCSO and went to the academy which was held on 6/1/2019. He took and passed both the HCSO written and the physical exams.
['Hébrēw's Statement of Facts, ¶ 3.]

3. All the cadets after passing both the written and physical exams were brought back to the class where a female instructor briefed them stating the HCSO does hire men with longer hair or beards but the women can have long hair as long as it is tied in a bun, she also stated with the HCSO you cannot wear religious symbols such as a cross showing outside of the uniform.
['Hébrēw's Statement of Facts, ¶ 3.]

4. 'Hébrēw has a vow of Nazarite upon his head as such in his 'Hébrēw faith he cannot cut the locks of the hairs of his head due to his holy vow of Nazarite and he wore the Star of Ad'am called the star of David where it was visible to the HCSO academy.
['Hébrēw's Statement of Facts, ¶ 3.]

5. 'Hébrēw was contacted by Deputy Torres, Kathleen Background Investigator with the HCSO on 6/6/2019 to schedule a personal interview and send him to the polygrapher.
['Hébrēw's Statement of Facts, ¶ 4.]

6. 'Hébrēw brought the three of his four letters of recommendation required personally to the HCSO's office, the receptionist took them to her supervisor who did not take them she gave the documents back to him byway of the receptionist who told him to bring his documents with him to his interview.
[Hebrew's Statement of Facts, ¶ 5-8.]

7. 'Hébrēw spoke to Deputy Torres on 6/11/2019 by phone she stated all she needed to do was set the day for my personnel interview and polygraph.

['Hébrēw's Statement of Facts, ¶ 3.]

8. 'Hébrēw's letters of recommendation was not accepted, Deputy Torres did not do the personnel interview, nor did he see the polygrapher. On 6/14/2019 he received an email from Mariel Rosario stating:

Dear Elimelech:

State law governs the hiring practices of the Harris County Sheriff's Office. In accordance with the employment criteria which was given or explained to you during the application process, you are currently not eligible for employment because of the following:

Rejection Reasons

Reasons for Rejections:

General Behavior

You may be eligible to re-apply after the date below:

3 YEAR 06/2022

If you are still interested in seeking employment with the Harris County Sheriff's Office, you may go to HCSOJOBS.COM after your disqualification period as stated above.

Thank you for your interest in the Harris County Sheriff's Office.

['Hébrēw's Statement of Facts, ¶ 9.]

9. 'Hébrēw responded on 6/17/2019 to Mrs. Mariel Rosario asking the below question: Good After Noon Mrs. Rosario,

I just read your message concerning the Reason for Rejection which states "General Behavior" can you explain how and what measure was this reason derived?

Mrs. Rosario did not reply to 'Hébrēw question.

['Hébrēw's Statement of Facts, ¶ 10.]

**EEOC Complaint: Title VII of the Civil Rights Act of 1964**

10.     On 8/30/2019 Hebrew filed a Complaint against the HCSO for religious discrimination and wrongful termination of which many other claims may arise in his claim under Title VII act of 1964.['Hébrēw's Statement of Facts, ¶ 2.]

11. The defendant response to 'Hébrēw's complaint claimed to have attached Exhibit as evidence in support of its claim but there are no Exhibits in the defendants Position Statement.

['Hébrēw's Statement of Facts, ¶ 11.]

The Defendants Position Statement claims it did not discriminate against 'Hébrēw based on his religion. 'Hébrēw stated the defendants claim is false due to the fact in his faith as a 'Hébrēw his faith-religion and his physical appearance race-related Characteristics are protected in under Title VII:

UNLAWFUL EMPLOYMENT PRACTICES

SEC. 2000e-2. [Section 703]

(a) Employer practices

It shall be an unlawful employment practice for an employer -

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion,

Title VII prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion,

['Hébrēw's Statement of Facts, ¶ 2.]

13. The defendant used its grooming policy as means to justify terminating 'Hébrēw.

[Hebrew's Statement of Facts, ¶ 11 pg 2.]

14. The defendants policy does not supersede the federal law or Title VII, under Title VII of the Civil Rights Act of 1964 the defendant must make exceptions to their usual rules or preferences to permit applicants and employees to follow religious dress and grooming practices. Title VII of the Civil Rights Act of 1964 must make exceptions to their usual rules or preferences to permit applicants and employees to follow religious dress and grooming practices

Examples of religious dress and grooming practices may include: wearing religious clothing or articles (e.g., a Christian cross, a Muslim hijab (headscarf), a Sikh turban, a Sikh kirpan (symbolic miniature sword)); observing a religious prohibition against wearing certain garments (e.g., a

Muslim, Pentecostal Christian, or Orthodox Jewish woman's practice of wearing modest clothing, and of not wearing pants or short skirts); or adhering to shaving or hair length observances (e.g., Sikh uncut hair and beard, "Rastafarian dreadlocks", or Jewish

Title VII, Race-Related Characteristics and Conditions:

Discrimination on the basis of an immutable characteristic associated with race, such as skin color, hair texture, or certain facial features violates Title VII, even though not all members of the race share the same characteristic. peyes (sidelocks)).

['Hébrēw's Statement of Facts, ¶ 2.]

15. The defendant violated Title VII discriminating action against 'Hébrēw is affirmed in the defendants response on page (2), paragraph (2) in bullet point four 'Hébrēw's "Locks" and or "Dreadlocks" are not allowed as quoted below:

- Dreadlocks and cornrows are not allowed per current policy;

['Hébrēw's Statement of Facts, ¶ 11 pg 2.]

16. The defendant in its responses falsely claimed 'Hébrēw did not have long hair stating; "his photo taken indicated that he did not have long hair." The defendant's responses also false (See Exhibit C: Photo of Hebrew). When the defendants Exhibit did not provide a photo of 'Hébrēw in its Exhibit all the defendants claims are pretense with no evidence to support the claims.

['Hébrēw's Statement of Facts, ¶ 11.]

17. The defendant falsely claimed it explained the exception for religious reason before wrongfully terminating 'Hébrēw. 'Hébrēw was fully aware of this exception of the Request For Religious Accommodation the defendant is in violation of Title VII for not offering, asking or mentioned by the instruct of his employee rights. Had the defendant offered, asked or mentioned the Request For Religious Accommodation form to Hebrew he would have filled it out. As 'Hébrēw did with the Texas Department of Criminal Justice (TDCJ) when he was asked to complete the TDCJ religious exception letter.

['Hébrēw's Statement of Facts, ¶ 12.]

18. The defendants false and slanderous claim for wrongful termination of 'Hébrēw. Mrs. Jimenez asserted the reason he was denied was specifically due to his Facebook postings as Mrs. Jimenez stated:

"Hebrew's statements and assertions on Facebook reflecting racial and extremist views were considered in light of the often volatile environment existing in the jail. (Exhibit 5: Hebrew's Facebook posting)...Hebrew's promotion of animosity among people based on their race and religion did not appear to be a good fit for working inside the Harris County Jail".

['Hébrēw's Statement of Facts, ¶ 11 pg 3.]

19. The defendants false and slanderous claim against 'Hébrēw's Facebook post the defendant did not provide an (Exhibit 5: Hebrew's Facebook posting...) or any evidence to support its slanderous and false claim. All the defendants claims and evidence is pretense.

['Hébrēw's Statement of Facts, ¶ 13-15.]

20. The Equal Employment Opportunity Commission (EEOC) could not resolves 'Hébrēw's dispute against the defendant in a timely manner. Thereby the EEOC on 9/10/2020 issued 'Hébrēw the Notice of Right to Sue in the referenced charge EEOC No: 460-2019-05630.

['Hébrēw's Statement of Facts, ¶ 16.]

Subject: **Complaint Up Date**
From: <hebrew_ceo@divineunity1.com>
To: <THOMAS.PASKET@sheriff.hctx.net>
Date: 2019-07-23 10:25



Good Afternoon Sgt. Pasket,

My name is Elimelech Hebrew, I came into the office and filed a complainant on 6/21/2019 and I haven't heard anything from your office. The deputy that filed my complaint did not give me a date in which I would be notified about my complaint he just stated to me that it would be a long process. He also said to me that there is not an identification number or a case number provided for me to check on the results of my complaint. Therefore I am writing you requesting an update as to what is going on with my complaint.

Regards,

Hebrew

**EXHIBIT 1**