Case 4:20-cv-03679   Document 61   Filed on 10/06/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 06, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ELIMELECH SHMI HEBREW § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-03679 |
| § | |
| ED GONZALEZ, ET AL. § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

This is a lawsuit brought by Plaintiff Elimelech Shmi Hebrew ("Hebrew") under Title VII of the Civil Rights Act of 1964. Hebrew alleges that the Harris County Sheriff's Office discriminated against him based on his religion. One of the defendants named in this case is Sgt. Thomas Pasket ("Pasket"). The only allegation against Pasket in the Amended Complaint is that he refused to give Hebrew a copy of a complaint Hebrew filed with the Harris County Sheriff's Office. *See* Dkt. 10. The live pleading does not indicate whether Pasket is named as a defendant in his individual or official capacity.

Pasket has moved to dismiss the Title VII claim against him under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 52. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

Hebrew's Title VII complaint against Pasket fails to state a legally cognizable claim. Title VII makes it unlawful for an employer to discriminate against its employees or potential employees because of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a)(1). While Title VII defines "employer" to include any agent of the employer, *see id.* § 2000e(b), the Fifth Circuit does not interpret the statute to impose individual liability on the agent. For that reason, the Fifth Circuit has repeatedly made clear that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). *See also Bellue v. Gautreaux*, 782 F. App'x 350, 351 (5th Cir. 2019) ("Title VII does not extend even to a public official sued in his official capacity."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII.").

In summation, there is no legal basis to hold Pasket accountable for purported violations of Title VII. Pasket's Motion to Dismiss Pursuant to Rule 12(b)(6) is **GRANTED**, and Pasket is dismissed from this case with prejudice.

SIGNED on this 6th day of October 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE