United States District Court
Southern District of Texas
**ENTERED**
October 18, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELIMELECH SHMI HEBREW | § | |
| Plaintiff. | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-cv-03679 |
| ED GONZALEZ, ET AL. | § § § | |
| Defendants. | § | |

## ORDER AND OPINION

Elimelech Shmi Hebrew ("Hebrew"), proceeding *pro se*, brought this lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that the Harris County Sheriff's Office discriminated against him based on his religion when it either fired or improperly rejected him as a candidate for the position of detention officer. In his original complaint, Hebrew named three Harris County Sheriff's Office employees as defendants: (1) Ed Gonzalez; (2) Thomas Pasket; and (3) Mariel Rosario.[1] It was not clear whether Hebrew sued these defendants in their individual or official capacities.

Hebrew has since amended his complaint; though, it is practically identical to the original complaint and still names Gonzalez, Pasket, and Rosario as defendants. However, Hebrew did substitute the Harris County Sheriff's Office as the named defendant in the case's caption and included a statement on the final page requesting that the Court amend his case "to reflect the Defendant in this case is the HARRIS COUNTY SHERIFF'S OFFICE." Dkt. 10 at 14. Given the ambiguity in his pleadings, Gonzalez and the Harris County Sheriff's Office ("Defendants") jointly moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See* Dkt. 15.

---

[1] I previously dismissed Hebrew's claims against Pasket and Rosario for failure to state a claim under Rule 12(b)(6). *See* Dkts. 54 and 61.

While that motion was pending, Hebrew filed what he titled as his second amended complaint. *See* Dkt. 27. In it, Hebrew reiterated that Gonzalez is not a defendant in this case. Buried among other haphazard arguments, Hebrew also purported to add Defendants' attorneys as defendants for supposedly misrepresenting the law in the motion to dismiss. The Court struck Hebrew's second amended complaint for failure to comply with the Court's Procedures.

A little under two months later, Hebrew filed a "reply" to the Court's order, in which he stated for a third time that this lawsuit is against the Harris County Sheriff's Office, not Gonzalez. However, it appears that Hebrew's position is not as cut-and-dried as it first seems. That is, while Hebrew repeatedly argues that Gonzalez is not a defendant, he simultaneously avers that "Gonzalez is a party in the case."[2] Dkt. 29 at 3.

Liberally construing Hebrew's pleadings, I can either take him at his word, dismiss Gonzalez, and treat his claims as Title VII claims against the Harris County Sheriff's Office. Alternatively, I can treat Hebrew's claims as Title VII claims against Gonzalez in his individual or official capacities. To be safe, I address both possibilities below.

## LEGAL STANDARD

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief

---

[2] While not entirely clear, it appears that Hebrew confuses Gonzalez with a "real party in interest" under Rule 17. *See* Dkt. 29 at 3 (*citing* FED. R. CIV. P. 17(a)(1)). Rule 17 sets forth criteria defining who may bring an action in federal court and, by its terms, applies only to claimants. *See* FED. R. CIV. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). It has no application with respect to defendants who are not prosecuting a claim. *See United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 934–35 (2009) ("The phrase, 'real party in interest,' is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another.").

above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## DISCUSSION

**A.    THE HARRIS COUNTY SHERIFF'S OFFICE IS AN IMPROPER PARTY**

Under Rule 17(b), an entity must have the capacity to be sued. Thus, for a plaintiff to sue a city or county department, that department must enjoy a separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Whether an entity enjoys a separate legal existence and, therefore, has the capacity "to sue or be sued is determined . . . by the law of the state where the court is located." FED. R. CIV. P. 17(b). "In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1995) (quoting *Darby*, 939 F.2d at 313). *See also Scott v. Liberty Cnty.*, No. 1:10-CV-609-TH, 2012 WL 6000405, at *7 (E.D. Tex. Nov. 30, 2012) ("Although counties in Texas are 'corporate and political' bodies susceptible to suit, sheriff departments typically are not because they exist as departmental subdivisions of the county." (quoting TEX. LOCAL GOV'T CODE § 71.001)).

It is well-settled that "the Harris County Sheriff's Office is merely an agency or division of Harris County" and does not enjoy a separate legal existence. *Gragert v. Harris Cnty.*, No. 4:09-CV-2063, 2010 WL 11538411, at *4 (S.D. Tex. Aug. 11, 2010). Because the Harris County Sheriff's Office is not a legal entity and, therefore, lacks the legal capacity to sue or be sued, I find that Hebrew cannot state a plausible claim for relief against it.

**B.    GONZALEZ IS NOT LIABLE UNDER TITLE VII**

Title VII makes it unlawful for an employer to discriminate against its employees or potential employees because of race, color, religion, sex, or national

origin. *See* 42 U.S.C. § 2000e–2(a)(1). While Title VII defines "employer" to include any agent of the employer, *see id.* § 2000e(b), the Fifth Circuit does not interpret the statute to impose individual liability on the agent. For that reason, the Fifth Circuit has repeatedly made clear that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). *See also Bellue v. Gautreaux*, 782 F. App'x 350, 351 (5th Cir. 2019) ("Title VII does not extend even to a public official sued in his official capacity."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."). Accordingly, Hebrew's Title VII complaint against Gonzalez fails to state a legally cognizable claim.

## CONCLUSION

In summation, there is no legal basis to hold either the Harris County Sheriff's Office or Gonzalez accountable for the purported Title VII violations. Accordingly, Defendants' motion to dismiss is **GRANTED**. Gonzalez is dismissed from this case with prejudice. To the extent Hebrew's claims are against the Harris County Sheriff's Office, those claims are also dismissed with prejudice, as well.

SIGNED on this 18th day of October 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE